**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  19-cr-00308-DDD

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MARY CATHERINE GRASMICK,

   Defendant.

---

**MOTION BY DEFENDANT GRASMICK FOR DOWNWARD DEPARTURE FROM APPLICABLE SENTENCING GUIDELINE RANGE AND FOR SENTENCING VARIANCE**

---

Defendant Mary Catherine Grasmick (hereinafter, Mrs. Grasmick), by and through undersigned counsel, hereby moves for a downward departure, pursuant to § 5K2 of the Sentencing Guidelines, from the applicable Sentencing Guidelines Range as determined by the Court or, alternatively, for a variant sentence below the applicable Sentencing Guideline Range, pursuant to *United States v. Booker*, 543 U.S. 200 (2005), and 18 USC §3553(a) and (c ). The bases for this motion are set forth fully below.[1]

### I.    INTRODUCTION

After due consideration and review of all of the facts set forth in the Presentence Investigation Report (hereinafter PSIR), including the detailed factual basis set forth in the plea agreement, the facts set forth in Mrs. Grasmick's civil settlement with the United States, and the voluminous investigative materials provided by the government which supported the civil

---

[1] Mrs. Grasmick will be filing a Sentencing Memorandum to provide additional contextual detail as further support for the bases for departure/variance set forth below.

1

and criminal resolutions, the United States Probation Office (Probation Office) recommended that this Court vary from the proposed guideline range and sentence Mrs. Grasmick to a term of 3 years of probation. We agree that a sentence of 3 years of probation, representing a minor departure from the prescribed minimum sentencing range of 5 months incarceration, is warranted here because of the special and unique factors and circumstances, as set forth by the Probation Office (ECF No. 18-1, Ex. A) and elaborated upon further below, that are present in this case.

## II.  MEMORANDUM

Mrs. Grasmick, a longtime female business leader in her community, without any prior criminal record and a breadwinner and mother of 4 young daughters, two of whom have significant health issues, entered a plea of guilty on September 5, 2019 to a single count of falsification of records in order to obstruct an SBA investigation into the validity of the HUBZone status of her construction company (ECF No.16). In accordance with the PSIR, Mrs. Grasmick's total offense level of 12 is within Zone C of the Sentencing Guidelines and, thus is eligible for a Guideline split sentence from the low end of the Guideline Range, *i.e.,* 5 months incarceration and 5 months of home detention. The specific factors set forth by the Probation Office warranting a slight departure or variance from the Guidelines to a sentence of 3 years of probation are as follows:

> The defendant has no prior association with the legal system. She stands before the court, convicted of her first felony, which undoubtedly will affect her for the rest of her life. The longevity of the instant offense is concerning, and it appears she benefitted financially from her actions. It is also concerning that she included false entries in her spreadsheets submitted to the special agent investigating the matter.
>
> While it would not be difficult to recommend a sentence of incarceration for her conduct, it is believed a variance to a probation sentence would sufficiently punish the defendant for the offense and provide future deterrence. The defendant will feel the repercussions of having a felony conviction and it is hoped that she will take this as a valuable lesson

2

and return to her law abiding lifestyle. Her history and characteristics cause this offense to be "out of character" for her. It is believed she is remorseful and will not re-offend. She has a large family [for] support and her ability to move forward will be met with the help of her family. (ECF No. 18-1 Ex. A)

Mrs. Grasmick also believes that the following unique characteristics, both individually and in combination, support a variance and/or departure to a sentence of probation: (1) the physical health conditions currently afflicting two of her daughters; (2) the extreme financial burden placed on her and her family; (3) the lack of a loss to the government as a result of the conduct, and (4) numerous letters of support attesting to both Mrs. Grasmick's lifetime exhibitions of good character and her ethical and practical business accomplishments; (5) the unlikeliness of recidivism; and (5) the necessarily aberrational nature of her offense.

Section 5K2.0(a)(2) and 5K2.20 of the Sentencing Guidelines permitting reasonable downward departures based on relevant "circumstances of a kind not adequately taken into consideration" by the Sentencing Commission and aberrational behavior. *See, e.g., United States v. Barnes,* 890 F.3d 910, 921(10th Cir. 2018)(sentencing judges may take into consideration factors that have already been taken into consideration when calculating the Guideline range); *United States v. Jones*, 158 F.3d 492 (10th Cir. 1998)(affirming aberrant behavior departure where defendant had been law abiding until his marriage fell apart at age 35). Moreover, 18 USC §3553(a) and *United States v. Booker* permit a variance from the Guidelines to impose a sentence "sufficient but not greater that necessary" to fulfill the purpose of sentencing as outlined in the statute. And, in determining whether to vary from the calculated Sentencing Guideline Range and the degree of variance, this Court is afforded great discretion in considering and applying the statutory sentencing factors as it sees fit to the unique facts and circumstances of the case at hand. *See, e.g., United States v. Barnes*, 890

3

F.3d 910, 921(10th Cir. 2018)(sentencing judges may take into consideration factors that have already been taken into consideration when calculating the Guideline range). Respectfully, as indicated by the recommendation of the Probation Office, a sentence of incarceration would be "greater than necessary" in Mrs. Grasmick's case.

On November 15, 2019, Mrs. Gramick submitted a written statement to the probation office which included the civil settlement and accompanying factual statement entered into with the United States, in connection with that settlement (ECF No. 18-3, PSIR Ex. 2). In that submission, Mrs. Grasmick outlined the significant long-term and life-threatening health issues endured by two of Mrs. Grasmick's daughters during the course of conduct which led to the charge in this case. One of Mrs. Grasmick's daughters suffered and continues to suffer from a life threatening and debilitating kidney disorder that can be fatal. Similarly, another daughter suffered from and continues to suffer from chronic depression.[2] While we recognize that the significant medical traumas experienced by two of her children during the course of conduct that led to the charges herein does not negate her criminal actions in July of 2016, for which she has entered a guilty plea, they are relevant to explain unique durational stresses and challenges Mrs. Grasmick endured as she attempted to navigate the regulatory and enforcement landscape relative to the bidding processes at issue. The circumstances of her daughters' care and Mrs. Grasmick's necessary involvement, as set forth in the Statement of Offense, warrants the non-incarceration sentence recommended by the Probation Office.

The specific falsification conduct involved in the offense of conviction was the submission to the SBA investigator, on June 29, 2016, of two (2) spreadsheets which falsely listed JKK as a HUBZone employee of Grasmick's company during the time of the application

---

[2] We will avoid detail and names in this pleading to protect privacy as the detailed facts regarding the medical histories are set forth in Mrs. Grasmick's Statement of Offense attached to the PSIR.

4

for a HubZone "COANG-RTI" contract award and the time of award of the contract. (ECF No. 16 ¶¶ 26-29). The SBA was investigating, *inter alia,* the validity of the HubZone status of Grasmick's company at the time of the 2011 award of the COANG-RTI contract. As stated above, that investigation was also the subject of a civil settlement between the United States and Grasmick and her company which was fully executed on June 6, 2016. (ECF No. 18-2, PSIR Ex. 1).

By virtue of the investigation and civil settlement, Grasmick also agreed to pay a settlement amount of $500,000 and the company, the principal source of her income, has failed to generate sufficient revenue to remain viable. Grasmick and the company are also currently subject to debarment proceedings which would prohibit them from bidding on or receiving government contracts for a defined period. The plea agreement, the substantial civil settlement and the debarment proceedings have created an exceedingly perilous and unstable financial situation for Mrs. Grasmick and her family. Both the PSIR and the Statement of Offense set forth the enormous financial burden faced by Mrs. Grasmick in the years ahead. Again, as recognized by the Probation Department, this factor also supports a non-incarceration sentence.

Both the plea agreement and the civil settlement also recognize that Grasmick's conduct in relation to the HubZone resulted in *no* discernable loss to the Government. The "best value" COANG-RTI contract was performed fully with no cost overruns. While Mrs. Grasmick's plea certainly evidences her contrition and remorse for the criminal conduct, it is virtually unprecedented, at least in the criminal government contracting sphere, when a defendant's criminal conduct resulted in no loss to the government. This is yet another reasonable and valid basis to support a non-guideline sentence.

5

Attached to Mr. Grasmick's Statement of Offense Conduct are more than 50 letters of support from family, friends and professional associates. They attest to Mrs. Grasmick's lifetime of good character, strong faith, work ethic, admirable business practices, care for family and being both a selfless friend and generally good corporate citizen and example. These astonishing and numerous testaments to her good character lend further credence to and support the recommendation of the Probation Office for a non-incarceration sentence.

For the same reasons that Mrs. Gramick has led a lifetime of law abidedness, as recognized by the Probation Office's recommendation, there is no chance for recidivism by Mrs. Grasmick. The character reference letters and strong family support group are further testament to her lack of propensity for future criminal behavior.

Finally, the conduct relevant to Mrs. Grasmick's plea was truly aberrational and, thus, not worthy of an incarcerative sentence. Specifically, of the more than 100 construction projects successfully completed by Mrs. Grasmick since forming her Company in 1996, only two (2) involved HUBZone contracts of which only one of those two contact awards (COANG-RTI) is the subject of this criminal matter. Accordingly, for more than 20 years Mrs. Gramick has been a good corporate citizen and has performed and delivered on over 100 construction projects in an around the State of Colorado. That lengthy history of ethical business operations convincingly shows that her conduct which resulted in the plea herein was truly aberrational.

WHEREFORE, Mrs. Grasmick respectfully requests that this Court exercise its discretion and grant her motion for a downward departure, pursuant to § 5K2 of the Sentencing Guidelines, from the applicable Sentencing Guidelines Range as determined by the Court, or, alternatively, for a variant sentence below the applicable Sentencing Guideline Range, pursuant to United States v. Booker, 543 U.S. 200 (2005), and 18 USC §3553(a) and (c), and,

6

in so departing and varying from the applicable Sentencing Range, impose a 3-year probationary sentence, as recommended by the Probation Office.

DATED this 6th day of November, 2019.

Respectfully submitted,

*s/Kenneth M. Harmon*
Kenneth M. Harmon
Springer & Steinberg, P.C.
1600 Broadway, Suite 2100
Denver, Colorado 80202
Tel. No. (303) 861-2800
E-Mail:kharmon@springersteinberg.com

Paul E. Pelletier, Esq.
3500 Morningside Drive
Fairfax, VA. 22031
Tel. No. (202) 617-9151
E-Mail: pepelletier3@gmail.com

Counsel for Mary Catherine Grasmick

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*s/Kenneth M. Harmon*
Kenneth M. Harmon