### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Criminal Case No.  19-cr-00208-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MARY CATHERINE GRASMICK,

    Defendant.

---

### UNOPPOSED MOTION FOR EARLY TERMINATION OF PROBATION

---

Defendant Mary Catherine Grasmick (hereinafter, Mrs. Grasmick), by and through her undersigned counsel, and without opposition of the Government or the U.S. Probation Office, hereby moves this Court, pursuant to Fed.R.Crim.P. Rule 32.1(c)(2) and 18 U.S.C. § 3564(c), for an order terminating her probation in this case.

In support of the motion for early termination of probation, Mrs. Grasmick states as follows:

1.    On September 5, 2019, Mrs. Grasmick appeared before this Court and entered a guilty plea to the Information in this case charging her with one-count of falsification of records with intent to obstruct federal investigation, in violation of 18 U.S.C. § 1519.  She was sentenced by this Court on December 17, 2019 to serve a three-year term of probation, which included her performance of 250 hours of community service as a special condition of probation (DE 33).[1] Based on the

---

[1]     "DE" refers to ECF docket entries in this case.

circumstances of the case, restitution was not ordered, and Mrs. Grasmick's sole monetary obligation was payment of a $100 special assessment fee (*id.*).

2. Mrs. Grasmick commenced her term of probation upon being sentenced in this case and was initially supervised by a U.S. Probation Officer in Colorado Springs, consistent with her residence in Pueblo County, Colorado. She successfully completed her community service hours and all other aspects of her probation obligations, including monthly reporting. Under the circumstances, in or about December 2020, Mrs. Grasmick's supervision was transferred to her current Probation Officer, U.S. Probation Officer Assistant Melissa Batalla, because she was considered a low-risk supervisee. Since this transfer, Mrs. Grasmick has remained fully compliant with her probation obligations, and she has led a law-abiding life since sentencing. She has paid her special assessment fee.

3. Mrs. Grasmick has also fulfilled her civil obligations to the Government arising out or and connected to the offense conduct in this case, having now made the $500,000 payment she was required to make to the Government to settle civil claims asserted by the Government with respect to her former contracting business (DE 24-2).

4. Pursuant to 18 U.S.C. § 3564(c), this Court, upon consideration of the applicable statutory sentencing factors under Section 3553(a), is empowered to "terminate a term of probation previously ordered and discharge the defendant … at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

5. Mrs. Grasmick has now successfully completed more than 14 months of

supervised probation and so is eligible for early termination. As discussed, she is deemed a low-risk supervisee and has no financial obligations in this case that require monitoring or supervision. Probation is not needed to ensure compliance with a restitution obligation. Nor is ongoing supervision necessary to protect the public from any further criminal conduct of Mrs. Grasmick or to deter her or others from engaging in such conduct. Early termination, moreover, is consonant with the other sentencing goals set forth under Section 3553(a). A proper assessment of the relevant Section 3553(a) factors, accordingly, fully supports early termination of her probation term under the circumstances. Early termination would also relieve the U.S. Probation Office of the burden of continuing supervision of someone no longer in need of such and would allow that office to allocate its time and resources to probation cases more in need of oversight.

6.  Undersigned counsel has conferred with U.S. Probation Officer Assistant Batalla, who advises that the U.S. Probation Office is in full support of this motion. Ms. Batalla confirmed that Mrs. Grasmick is considered a low-risk supervisee under the metrics that that office uses for risk assessment. Undersigned counsel has also corresponded with Assistant U.S. Attorney Bryan D. Fields, the assigned prosecutor in this case, who advises that he has no objection to early termination of probation in this case.

WHEREFORE, Mrs. Grasmick respectfully request that this Court grant this

motion and enter an order terminating her term of probation.

Dated: March 26, 2021

Respectfully Submitted,

*s/Kenneth M. Harmon*
Kenneth M. Harmon
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, Colorado 80202
Tel. No. (303) 861-2800
E-Mail: kharmon@springersteinberg.com

Counsel for Mary Catherine Grasmick

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing by operation of the CM/ECF system to government counsel of record.

*s/Kenneth M. Harmon*
Kenneth M. Harmon

4